<u>**NOT FOR PUBLICATION**</u>                                      **(Doc. No. 32)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                               :

STONEBRIDGE BANK,          :
                                 :
               Plaintiff,    :       Civil No. 09-5145 (RBK/JS)
                                 :
               v.           :       **OPINION**
                               :
NITA PROPERTIES, LLC and   :
WGMF, LLC,              :
                                 :
            Defendants.  :
_____ :

**KUGLER**, United States District Judge:

       This matter comes before the Court upon the Motion for Order to Show Cause for Appointment of a Receiver and to Compel an Accounting filed by Plaintiff Stonebridge Bank ("Stonebridge"), (Doc. No. 32).  Stonebridge loaned Defendant Nita Properties, LLC ("NITA") $1,805,000.00 on January 27, 2006.  NITA secured the loan agreement with a mortgage on property located in Brigantine, New Jersey (the "Mortgaged Property").  On April 27, 2009, NITA defaulted on the loan.  As a result of NITA's default, and pursuant to a mortgage agreement between the parties (the "First Mortgage"), Stonebridge seeks to appoint a receiver and compel an accounting.  NITA does not oppose Stonebridge's motion.  For the reasons expressed below, Stonebridge's motion to appoint a receiver is **GRANTED**, and Stonebridge's motion to compel an accounting is **DENIED**.

**I.     BACKGROUND**

       The relevant facts of this dispute are outlined in the Court's Opinion dated January 31, 2011.  (Doc. No. 32).

## II.     DISCUSSION

### A.  Appointment of a Receiver[1]

Under Federal Rule of Civil Procedure 66, "a court may, in its discretion, appoint a receiver pendent lite."  Leone Indus. v. Assoc. Packaging, Inc., 795 F. Supp. 117, 120 (D.N.J. 1992).[2]  However, because receivership is an extraordinary remedy, the party seeking it "must show that he or she has some legally recognized right in [the] property that amounts to more than a mere claim against [the] defendant."  12 C. Wright & A. Miller, Federal Practice and Procedure, § 2983, at 20 (2d ed. 1997).  A secured creditor has a legal interest in the property on which it has a security interest.  See 12 C. Wright & A. Miller, Federal Practice and Procedure, § 2983, at 20 (2d ed. 1997) ("Secured creditors . . . clearly have an interest in the property on which they have a security interest that may provide a basis for convincing the court to appoint a receiver ending a foreclosure suit or any other action to enforce one or more outstanding liens.").  Moreover, a party may consent to the appointment of a receiver by contract.  In re Investors Warranty of Am., Inc. v. B.W.E. Dev. LLC, No. 09-4490, 2010 WL 2557559, at *5 (D.N.J. June 23, 2010) (noting that parties may contract for the appointment of a receiver and that "[t]he presence of a contractual stipulation to the appointment of a receiver 'is given considerable weight in the court's evaluation of whether a rent receiver should be appointed.'") (quoting

---

[1] The Court notes that federal procedural law governs Plaintiff's request to appoint a receiver in federal court.  See Hanna v. Plumer, 380 U.S. 460, 471 (1965) (holding that in a diversity case, "[w]hen a situation is covered by one of the Federal Rules, . . . the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions."); Nat'l Psh'p Inv. Corp. v. Nat'l Housing Dev. Corp., 153 F.3d 1289, 1291 (11th Cir. 1998) ("[T]o the extent Rule 66 dictates what principles should be applied to federal receiverships, courts must comply with the Rule even in the face of differing state law."); 12 C. Wright & A. Miller, Federal Practice and Procedure, § 2983, at 34 (2d ed. 1997) (noting that "Hanna v. Plumer makes it clear that the doctrine of Erie Railroad Company v. Tompkins, which requires the application of state law on matters of substance, does not apply to the appointment of a receiver by a federal court.").

[2] A court need not conduct an evidentiary hearing before appointing a receiver "when the record discloses sufficient facts to warrant appointment of a receiver."  Leone Indus., 795 F. Supp. at 120 n.6 (citing United States v. Mansion House Ctr. N. Redevelop., 419 F. Supp. 85, 87 (E.D. Mo. 1976)).

Barclays Bank, P.L.C. v. Davidson Ave. Assoc., Ltd., 644 A.2d 685, 687 (N.J. Super. Ct. App. Div. 1994).

A court should appoint a receiver only "in the face of compelling circumstances and in the absence of a less dramatic remedy." Leone, 795 F. Supp. at 120.  Moreover, a court should appoint a receiver only "when the party seeking receivership has 'an equitable interest in the property to be seized or . . . judgments . . . cannot otherwise be satisfied.'" Id. (quoting Piambino v. Bailey, 757 F.2d 1112, 1131 (11th Cir. 1985), cert. denied, 476 U.S. 1169 (1986)). Generally, it is appropriate for a court to appoint a receiver when the party seeking receivership demonstrates "the imminent danger of property being lost, injured, diminished in value or squandered, and where legal remedies are inadequate." Id. (citing McDermott v. Russell, 523 F. Supp. 347, 352 (E.D. Pa. 1981), aff'd, 722 F.2d 732 (3d Cir. 1983)).

Here, the Court finds that receivership is appropriate.  First, as a secured creditor, Stonebridge certainly has a legal interest in the First Mortgage.  Second, by entering the First Mortgage, NITA consented to receivership.  Section 25(e) of the First Mortgage provides in relevant part:

> (e) Receiver   Mortgagee without regard to the value or occupancy of the Mortgaged Property or the solvency of Mortgagor, and whether or not the apparent value of the Mortgaged Property exceeds the Obligations by a substantial amount, with or without notice to Mortgagor, shall be entitled as a matter of right, if it so elects, to appointment of a receiver to enter upon and take possession of the Mortgaged Property and to collect all Income and Rents, revenues, issues, income, products, royalties, proceeds and profits thereof and apply the same as the court may direct.

(Hosey Decl. Ex. B at 28) (emphasis added).  Thus, although not dispositive, the fact that NITA consented to receivership in the First Mortgage heavily favors appointment of a receiver.  In re Investors Warranty of Am., Inc., 2010 WL 2557559, at *5.

Third, the Court is satisfied that the personal and real property in which Stonebridge has an equitable interest is in "imminent danger of . . . being lost, injured, diminished in value or squandered." Leone, 795 F. Supp. at 120. As Stonebridge notes in its brief, NITA failed to pay the full balance of the Loan on April 27, 2009. (Pl.'s Br., at 2). On July 16, 2010, Stonebridge moved for default judgment, arguing that it was entitled to the full balance of the First Mortgage and foreclosure. (Doc. No. 28). NITA failed to dispute Stonebridge's request for payment and foreclosure, and instead argued that Stonebridge failed to serve process within the requirements of Rule 4(e). (Doc. No. 34). The Court rejected NITA's argument and granted Stonebridge's request. (Doc. No. 35, at 8). On November 7, 2010, Stonebridge filed the motion for appointment of a receiver and to compel an accounting. (Doc. No. 32). NITA failed to dispute Stonebridge's request for appointment of a receiver and to compel an accounting. There is no indication from the record that NITA denies or disputes Stonebridge's claim for payment under the First Mortgage, or that NITA has the financial resources necessary to pay the amount due under the First Mortgage and any delinquent real estate taxes and maintenance costs. Thus, although NITA's current financial condition is unclear from the documents in the record, the Court is convinced that NITA's failure to respond to Stonebridge's motion and NITA's refusal to pay the full amount due on the loan suggests that there is an imminent risk that the Mortgaged Property will be diminished in value or squandered.

Finally, there is no adequate legal remedy available to Stonebridge. As a result of NITA's delinquency, Stonebridge is not receiving any loan payments and may be forced to pay all delinquent real estate taxes on the Mortgaged Property. Furthermore, the foreclosure action will not compensate Stonebridge for all of the potential income, profits, and revenues already squandered by NITA's failure to administer and maintain the property.

Therefore, because Stonebridge has a legal interest in the Mortgaged Property, and because there is an imminent risk that the Mortgaged Property will be injured, diminished in value, or squandered as a result of NITA's inability to pay amounts due on the Loan, the Court finds that receivership is appropriate.

**B.  Order to Compel an Accounting**

An accounting is an equitable remedy that a plaintiff may pursue when legal remedies are unavailable.  Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478 (1962) ("The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is [] the absence of an adequate remedy at law.").  Under Pennsylvania law,[3] "[e]quitable jurisdiction for an accounting does not exist merely because the plaintiff desires information that he could obtain through discovery."  Buczek v. First Nat'l Bank of Mifflintown, 551 A.2d 1122, 1124 (Pa. Super. Ct. 1987).  Instead, "an equitable accounting is proper where there is no adequate remedy at law and there is also a fiduciary relationship between the parties, alleged fraud or misrepresentation, or mutual and complicated accounts."  Greencort Condominium Ass'n v. Greencort Partners, 2005 WL 2562909, *7 (Pa. Commw. Ct. Oct. 4, 2005); Koch v. First Union Corp., 2002 WL 372939, *12 (Pa. Commw. Ct. Jan. 10, 2002).

Here, an equitable accounting is unnecessary.  First, Stonebridge and NITA do not have a fiduciary relationship.  Rather, Stonebridge is a traditional creditor and NITA is a debtor, and

---

[3] The First Mortgage contains a choice of law provision.  Paragraph 39 of the First Mortgage provides in relevant part:

> Applicable Law.  Notwithstanding the State and/or federal law which may apply to the rights and obligations of the parties to the Loan Documents, this Mortgage shall be governed by and construed according to the laws of the Commonwealth of Pennsylvania where the Mortgagor's principal office is located . . . ."

(Pls.' Br. Ex. B ¶ 41).  Thus, the Court will apply Pennsylvania law in order to determine whether Plaintiff is entitled to an equitable accounting.

their relationship is based upon a mortgage agreement formed by an arms-length transaction.

Second, there is no evidence that NITA made any misrepresentations or engaged in any

fraudulent conduct.  Third, there is no evidence that the accounts to which Stonebridge seeks

access are complicated in nature.  Stonebridge seeks access to NITA's financial accounts in

order to "dispel any concerns that . . . Revenue from the [Mortgaged Property] [was] being used

by NITA to pay other obligations" or to dispel any concern that "Revenue from the [Mortgaged

Property] was being kept by NITA rather than being used to pay the expenses of the property

such as real estate taxes, debt service, costs of insurance, etc."  (Hosey Decl. ¶ 25).  Indeed,

Stonebridge does not argue that NITA's financial records are complicated in nature or difficult to

understand.

Therefore, because the parties are not fiduciaries, there is no evidence of fraud, and

Stonebridge does not argue that NITA's accounts are complicated in nature, Stonebridge's

motion to compel an accounting is denied.

**II.     CONCLUSION**

For the foregoing reasons, Stonebridge's motion to appoint a receiver is **GRANTED** and

Stonebridge's motion to compel an accounting is **DENIED**.  An appropriate order shall issue

today.

Date:  6/1/2011                                        /s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge